# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **BILLIE E. BALLENGER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:07-00705** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Defendant, Michael J. Astrue, Commissioner of the Social Security Administration, by counsel, Charles T. Miller, United States Attorney for the Southern District of West Virginia, and Carol A. Casto, Assistant United States Attorney for the Southern District of West Virginia, has filed a Motion to Remand requesting that the Court remand the above-styled case to the Commissioner for further administrative action pursuant to the sixth sentence of 42 U.S.C. § 405(g). (Doc. No. 8.) Defendant requests that this case be remanded so that an administrative law judge may "further evaluate the nature and severity of Plaintiff's severe impairments; evaluate new and material evidence; and if warranted, further evaluate Plaintiff's maximum residual functional capacity." (Id.) Plaintiff's counsel has advised the Court that she does not object to the Defendant's Motion.

Sentence six of 42 U.S.C. § 405(g) provides that remand is appropriate upon the Motion of the Commissioner "for good cause shown before the Commissioner files the Commissioner's answer . . .." It is clear that Defendant makes a proper request for remand procedurally because he has not

filed an Answer or other pleading responsive to Plaintiff's Complaint.[1] Apparently on review of Plaintiff's Complaint and the underlying transcript in this matter, the Defendant requests a remand for further action and analysis consistent with the applicable law and Regulations. The Commissioner is required under the Social Security Act to include an explanation of what evidence, or inferences drawn therefrom, were relied on in arriving at a decision. See Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir. 1986). The undersigned therefore finds the reasons stated by the parties for seeking a remand appropriate.

Accordingly, there being good cause for the Defendant's Motion to Remand and there being no objection, it is hereby respectfully **RECOMMENDED** that the District Court confirm and accept the foregoing findings, **GRANT** the Defendant's Motion to Remand (Doc. No. 8.) and **REMAND** Plaintiff's case to the Commissioner pursuant to the sixth Sentence of 42 U.S.C. § 405(g) for further proceedings as outlined in the unopposed Motion. Because the undersigned recommends remand of this case pursuant to sentence six of 42 U.S.C. § 405(g), the undersigned "does not rule in any way as to the correctness of the administrative determination." Melkonyan v. Sullivan, 501 U.S. 89, 98, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991). The Court shall retain jurisdiction over the case. In view of these circumstances, the undersigned hereby recommends that the District Court direct the Clerk of the Court to close the case statistically noting that this case is to be reopened statistically when Defendant files an Answer or other pleading responsive to Plaintiff's Complaint along with a transcript of the administrative proceedings.

---

[1] Remand may be ordered under sentence six in only two situations: where, as here, the Commissioner "requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297, n. 2, 113 S.Ct. 2625, 2629, n. 2, 125 L.Ed.2d 239 (1993)(Citations omitted.)

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to counsel of record.

Date: January 31, 2008.

*R. Clarke VanDervort*
R. Clarke VanDervort
United States Magistrate Judge